**Abated and Opinion Filed October 25, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-21-00875-CR
_____

**MICHAEL ARDIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-2110832-R**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Appellant Michael Ardis was indicted and charged with aggravated assault

with a deadly weapon. Appellant entered an open plea of guilty. Following a two-

day evidentiary hearing on punishment, the trial court sentenced appellant to twenty

years' confinement in the Institutional Division of the Texas Department of Criminal

Justice. This appeal followed.

Appellant's attorney has filed a brief in which he concludes the appeal is

wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967).

The State filed a letter response, in which it agreed with appellant's counsel that the

appeal is without merit.[1] We advised appellant of his right to file a pro se response. Appellant requested an extension of time to file his response, and we granted that request, but appellant did not file a response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel).

The *Anders* procedure imposes obligations on both appellate counsel and this Court. When counsel concludes there are no arguable issues for his client's appeal, his obligation to his client is to seek leave to withdraw as counsel. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). His obligation to this Court is to assure us "through the mechanism of an *Anders* brief, that, after thorough investigation and research, his request [to withdraw] is well founded." *Id.* The *Anders* brief must:

> discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court.

*High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Depending on the case, this process may require significant time and effort from counsel, but it must be followed.

---

[1] The State identified and asked us to correct a clerical error in the trial court's judgment concerning the proper identification of the attorney for the State at trial. Because of our disposition of the case, we do not address that clerical matter at this time.

As to this Court's obligation when presented with an *Anders* brief, we may conclude that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no arguable error, or we may conclude that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). To that end, we have independently reviewed the record and counsel's brief. That review has raised concerns as to whether appointed counsel has met his obligations under *Anders* and *High*.

At the beginning of the punishment hearing, trial counsel for appellant made two objections related to untimely disclosure of information by the State. First, she objected to expert testimony by Darrell Doty—who was identified by the prosecutor only the day before—concerning appellant's fingerprints and certain certified judgments. The trial court overruled this objection, and while appellate counsel repeats the prosecutor's response from below, he does not clearly say whether that argument and the trial court's ruling was correct. Instead, he asserts that the prior convictions not proved by comparable fingerprints were proved up by other evidence.

Trial counsel also objected before the hearing to a series of untimely disclosures of evidence:

I've been receiving discovery and other evidence on this case from [the prosecutor]. I received quite a bit yesterday. I want to say about six or seven files. I received about eight or twelve files on the 10th. I received a Brady notice on the 9th. And then at -- one, two, three, four pieces of evidence on the 7th. And then about a half of a dozen pieces of evidence on September 3rd. We would contest that those are outside the window for this hearing. We would ask that those be excluded.

Appellate counsel relates the trial court's ruling, allowing the State to proceed with any evidence on the original charged offense and on any extraneous offenses other than the most recent criminal mischief charge, which was the subject of most of the late-produced videos. No late-produced evidence was excluded, although the criminal mischief videos could not be shown until the second day of the punishment hearing. Appellant counsel does not address whether this ruling was correct. Instead, he cites cases stating generally that admission of extraneous evidence is subject to an abuse of discretion review and then cites cases concerning harmless error. In another part of the brief, he states: "Any issues related to newly turned over discovery was resolved by allowing the Appellant additional time to review and prepare for the introduction of same."

We are not satisfied that appellate counsel addressed these pre-hearing objections thoroughly as *Anders* envisioned. "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of his client, as opposed to that of amicus curiae." *High*, 573 S.W.2d at 810 *(*citing *Anders*, 386 U.S. at 744).

–4–

We are also concerned by appellate counsel's treatment of objections raised by trial counsel during the two-day punishment hearing. The brief includes only this general summary:

> Most objections made during the testimony concerned narrative testimony or leading questions. Some other objections pertained to testimony that Appellant objected to as hearsay. Some of Appellant's objections were sustained [cite to two pages of record]. While other objections concerning hearsay were overruled the same evidence came in either thru [sic] other witness testimony and/or exhibits that were admissible and/or unobjected to [cite to three places in record].

Elsewhere in the brief, counsel cites to a case stating that error in the admission of evidence is harmless if similar evidence was admitted without objection. This cursory discussion does not comport with our review of the record, which indicates that appellant's trial counsel labored mightily, objecting repeatedly, in an effort to have evidence presented in question-and-answer form without the prosecutor's testifying. Her many objections also challenged testimony that included hearsay and lack of personal knowledge, and questions addressing undisclosed photographs and text messages. Indeed, the trial court gave counsel a running objection to the prosecutor's questions involving prior conduct by appellant that was "outside of a decade time frame. No police report, no conviction on it, and does not have bearing on this hearing." Although the scope of relevant evidence is very broad in the punishment phase of trial, the rules of evidence still apply. *See Beltran v. State*, 728 S.W.2d 382, 387 (Tex. Crim. App. 1987) ("Thus the wide discretion given to the trial court under Article 37.071(a), supra, extends only to the question of relevance

–5–

of the facts sought to be proved. Article 37.071(a) does not alter the rules of evidence insofar as the manner of proof is concerned.").

We have noted in the past that "whether error is harmful or not harmful is a separate question from frivolity—that is, whether the trial court violated a procedural rule, which may or may not be harmful, is not a frivolous argument." *Bowenwright v. State*, No. 05-19-01309-CR, 2021 WL 3686607, at *2 (Tex. App.—Dallas Aug. 19, 2021, no pet.) (mem. op., not designated for publication). "[I]t is the appellate court's duty to assess harm after a proper review of the record." *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). While counsel's opinion concerning harm can be helpful, it is rarely determinative of whether an error is an arguable one; every evidentiary issue lies within a unique record that requires its own application of the harmless-error rule.[2]

We conclude that the *Anders* brief in this case—which appears to conclude with minimal discussion that any errors were harmless to appellant—does not sufficiently address trial counsel's evidentiary objections during the punishment hearing.

---

[2] In this vein, we distinguish the unaddressed error pointed out in this case by the State, i.e., the trial court's failure to admonish appellant orally concerning the possible negative effects of a guilty plea under immigration law. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4), (d), (d-1) (requiring this admonishment to be delivered orally and in writing). We have recently addressed this issue and concluded that when the record affirmatively shows that appellant is a United States citizen, any failure to admonish him orally about the immigration consequences of his guilty plea is harmless error and, therefore, not an arguable issue. *Davilacontreras v. State*, No. 05-21-00995-CR, 2022 WL 4396145, at *1 (Tex. App.—Dallas Sept. 23, 2022, no pet. h.) (mem. op., not designated for publication) (citing *VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007)).

We identify these concerns as illustrations of matters that remain to be investigated in this record. We express no opinion as to whether there is, or is not, a meritorious issue in this case. However, we are not satisfied that the brief filed by appointed counsel is based upon the type of review envisioned by *Anders, i.e.*, a conscientious and thorough review of the law and facts. We grant appointed counsel's motion to withdraw and strike his *Anders* brief.

We remand the case to the trial court and order the trial court to appoint new appellate counsel to represent appellant. New appellate counsel should investigate the record and either (1) file a brief that addresses arguable issues found within the record, or (2) if, after a thorough and professional review of the record, counsel identifies no such arguable issues, file an *Anders* brief that complies with the requirements of that case.

We further order the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date counsel is appointed.

We abate the appeal for the trial court to comply with the dictates of this opinion.


/Bill Pedersen, III//

210875f.u05                     BILL PEDERSEN, III
                                JUSTICE

Do Not Publish
TEX. R. APP. P. 47

–7–